IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BERNARD TOSHIRO HAZELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-036 |
| | ) | |
| SGT. STEVIE WOOTEN and | ) | |
| M.D. DAVID CHENEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). Further, Local Rule 11.1 and Federal Rule of Civil Procedure 11 require *pro se* litigants such as Plaintiff to personally sign each court filing. See Fed. R. Civ. P. 11; Loc. R. 11.1. On April 28, 2023, Plaintiff submitted an unsigned complaint for filing, along with an unsigned, blank form IFP motion. (See doc. no. 1.) Upon opening the case, the Clerk of Court sent Plaintiff a deficiency notice concerning the need for an IFP motion or payment of the filing fee and another deficiency notice regarding the missing complaint signature, providing a copy of the signature page for Plaintiff to sign and return. (See doc. nos. 2-3.) Both notices explained failure to correct the deficiencies could result in dismissal. (See id.) Plaintiff failed to respond to the Clerk's deficiency notices.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply

with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff failed to comply with the requirements of the Local Rules and the Federal Rules of Civil Procedure when he neither signed his complaint nor submitted a completed IFP motion, and, when given the opportunity to submit the appropriate paperwork, he failed to respond to the Clerk's deficiency notices.  Plaintiff's failure to comply with the requirements of the Federal and Local Rules, and his failure to respond to the Clerk's deficiency notices, amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of May, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA